FILED
SUPERIOR COURT
OF GUAM

2018 MAR 30 PM 3: 48

CLERK OF COURT

By:

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| DELLE SWEGLER NADLER, MOANA SWEGLER LUKA, and MARK SWEGLER, derivatively on behalf of FADIAN DEVELOPMENT INC. | Superior Court Case No. CV0452-16 (Supreme Court Case No. CVA17-025) |
| Plaintiffs-Appellees, | |
| v. | |
| MYUNG MOK BAE, B&K DEVELOPMENT, LLC., KEIZA RYU BAE, AND DOES 1-10 | |
| Defendants-Appellees, | **DECISION AND ORDER ON PLAINTIFFS-APPELLEES MOTION FOR ORDER REQUIRING APPELLANT, B&K DEVELOPMENT, LLC, TO ORDER ADDITIONAL TRANSCRIPTS** |
| and | |
| FADIAN DEVELOPMENT, INC. | |
| MARIANA STONES CORPORATION, | |
| Plaintiff-Intervenor Appellant, | |
| v. | |
| FADIAN DEVELOPMENT, INC., B&K DEVELOPMENT, LLC, and MYUNG MOK BAE, | |
| Defendants-Appellees. | |

**ORIGINAL**

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on January 23, 2018, upon Plaintiffs-Appellees' Motion for Order Requiring Appellant to Order Additional Transcripts filed on January 9, 2018 ("Motion"). Plaintiffs-Appellees Delle Swegler Nadler, Moana Swegler Luka, and the Estate of Swegler (collectively known as "the Sweglers"), are represented by Attorneys Joyce C.H. Tang and Leslie Travis. Attorney Georgette B. Conception represents Defendant-Appellee B&K Development, Inc. ("B&K"). Plaintiff-Intervenor Appellant Mariana Stones Corporation ("MSC") is represented by Attorney Leevin T. Camacho. Defendant-Appellee Fadian Development, Inc. ("Fadian") is represented by Attorney Anthony Perez. Having reviewed the pleadings and oral arguments in this matter, the Court GRANTS Plaintiffs-Appellees' Motion for Order Requiring Appellant to Order Additional Transcripts.

## BACKGROUND

This dispute arises from a shareholder derivative action filed by the Sweglers against Fadian for the execution of a quitclaim deed transferring and conveying thirty-three parcels of real property to B&K. Prior to executing the quitclaim deed, Fadian entered into a five-year contract with MSC for the clearing, leveling, and grading of land owned by Fadian. Thereafter, Fadian assigned the contract with MSC, and all of its rights and obligations, to B&K.

On September 15, 2017, the Court issued a Decision and Order on MSC's Motion for Clarification of Preliminary Injunction and Alternatively, Opposition to Preliminary Injunction Against Mariana Stones Corporation and Request for Modification. In its Decision and Order, the Court found that the terms and conditions set by the Stipulation and Order Granting Preliminary Injunction ("SPI") signed by the Sweglers and B&K applies to and binds MSC, denied MSC's Request for Modification, and ordered MSC to stop all leveling, grading, and clearing activities on Tract 157 of the Fadian property purportedly conveyed to B&K by Fadian.

On October 4, 2017, the Court issued a Decision and Order on B&K's Motion for Order Vacating or Modifying Preliminary Injunction. In its Decision and Order, the Court found that as a signatory to the SPI, B&K bound itself to the terms of the preliminary injunction and thus,

prohibited B&K from removing any real property on Tract 157 or any parcels subject to the SPI. Further, reiterating its order from the June 22, 2017, hearing on the Swegler's Order to Show Cause regarding B&K's violation of the preliminary injunction, and the Court's previous Decision and Order issued on September 15, 2017, the Court denied B&K's Motion for Order Vacating or Modifying the Preliminary Injunction.

On October 26, 2017, B&K filed a Notice of Appeal in Supreme Court Case No. CVA17-025, giving notice of its appeal of the Court's Decision and Order issued on October 4, 2017. On November 3, 2017, B&K filed a Request for Transcripts requesting the transcripts of the August 1, 2017, hearing on B&K's Motion for Order Vacating or Modifying Preliminary Injunction. However, on November 15, 2017, B&K filed a Cancellation of Request for Transcripts and Certificate of No Transcript, canceling its Request for Transcripts filed on November 3, 2017. Thereafter, on November 16, 2017, B&K filed its Statement of Issues in CVA17-025, requesting the Supreme Court review the following:

1. Did the trial court err in finding that B&K and Plaintiff-Intervenor Mariana Stones Corporation are bound by contractual privity?

2. Did the trial court err in denying B&K's motion for order vacating or modifying the stipulated preliminary injunction?

See Declaration in Support of Motion for Order Requiring Appellant to Order Additional Transcripts, January 9, 2018.

On November 30, 2017, the Sweglers filed a Designation of Additional Transcripts to be ordered by Appellant ("Designation of Additional Transcripts"), designating B&K to order the following additional transcripts:

1. TRO Hearing, June 1, 2016;

2. Order to Show Cause Hearing, April 4, 2017;

3. Order to Show Cause Hearing, April 25, 2017;

4. Order to Show Cause Hearing, May 19, 2017;

5. Order to Show Cause Hearing, June 22, 2017;

6. Hearing on B&K's Motion for Order Vacating or Modifying Preliminary Injunction, August 4, 2017.

See Designation of Additional Transcripts to be Ordered by Appellant, November 30, 2017.

On January 9, 2017, having not received notice that B&K ordered the additional transcripts, the Sweglers filed the instant motion, requesting that the Court order B&K to order the additional transcripts requested in their Designation of Additional Transcripts. B&K filed its Opposition to the Sweglers' Motion on February 2, 2018. The Sweglers filed their Reply to MSC's Opposition on February 20, 2018.

On January 23, 2018, this matter was heard during a hearing on a similar motion filed by the Swegler's against MSC requesting that the Court order MSC to order additional transcripts for the appeal in Supreme Court Case No. CVA17-024. At the hearing, B&K's counsel asserted that B&K's opposition would be identical to the opposition filed by MSC. Therefore, based on B&K's representation, the Swegler's and B&K submitted on their briefs and agreed to cancel any further proceedings on the instant matter. Accordingly, the Court then took this matter under advisement.

## DISCUSSION

The Guam Rules of Appellate Procedures provides that "[u]nless the entire transcript is ordered . . . if the Appellee considers it necessary to have a transcript or other parts of the proceedings, the Appellee must, within ten (10) days after the service of the order or certificate and the statement of issues, file and serve on the Appellant a designation of additional parts to be ordered." See GRAP 7(b)(3)(B). Further, the rule provides that if the Appellant does not order the additional transcripts requested by the Appellee within ten (10) days, the Appellee may within the following ten (10) days either "order the parts or move in the Superior Court for an order requiring the Appellant to do so." See GRAP 7(b)(3)(C). In their Motion for Order Requiring Appellant to Order Additional Transcripts, the Sweglers argue that the additional transcripts are necessary for the Sweglers to defend against B&K's appeal and to assert other grounds upon which the Court's October 4, 2017, Decision and Order may be upheld. See Motion, January 9, 2018 at 4-5. B&K, on the other hand, asserts in its opposition that the

additional transcripts are not necessary and that the Sweglers' Motion was nevertheless, untimely. See Opposition, February 2, 2018 at 2-3.

Here, Defendant-Appellant B&K filed its Request for Transcripts on November 3, 2017, requesting only the transcript of the August 1, 2017, hearing on B&K's Motion for Order Vacating or Modifying Preliminary Injunction. On November 15, 2017, B&K filed a Cancellation of Request for Transcripts and Certificate of No Transcript. The following day, B&K filed its Statement of Issues in the Supreme Court of Guam. In reviewing the issues raised by B&K regarding this Court's Decision and Order issued on October 4, 2017, it is imperative that the Supreme Court have a full record of all the relevant hearings the Superior court has held on such issues and be given all the necessary evidence that this Court relied on in making its decision. See J.J. Moving Serv., Inc. v. Sanko Bussan (Guam) Co., Ltd., 1998 Guam 19 ¶ 10 ("the appellant must place into the record all evidence, good and bad, material to the point he wishes to raise and necessary for the determination of the issues presented on appeal."). Therefore, on December 1, 2017, based on B&K's Cancellation of Request for Transcripts and Certificate of No Transcript, and upon receiving B&K's Statement of Issues, the Sweglers filed and served their Designation of Additional Transcripts.

Pursuant to GRAP 7(b)(3)(C), B&K had until December 18, 2017, to order the additional transcripts listed in the Swegler's Designation of Additional Transcripts. Therefore, having not received notice that B&K ordered the requested transcripts or that B&K intended to do so by December 18, 2017, the Swegler's had until January 3, 2018, to file their Motion for Order Requiring Appellant to Order Additional Transcripts. See GRAP 7(b)(3)(C). The Sweglers, however, did not file their Motion until January 9, 2018.

In their Reply, the Sweglers maintain that during a hearing on a similar motion filed by the Sweglers against MSC, the parties agreed to submit the instant motion on their briefs and agreed to cancel any further proceedings based on B&K's representation that its opposition would be identical to the opposition filed by MSC. In MSC's opposition, no issues related to the timeliness of the Swegler's motion were asserted nor did B&K raise the issue of timeliness at the hearing. Thus, the Sweglers argue that since B&K did not reserve the right to submit further

briefing, and because the instant motion went under advisement before the opposition was actually filed, B&K waived any new or additional briefing on the motion and therefore, should not be allowed to offer new arguments. See Reply, February 20, 2018 at 2.

Assuming *arguendo* that B&K waived its right to additional briefing or raise new arguments, the Court nevertheless would have reached the conclusion, pursuant to GRAP 7(b)(3)(C), that the Swegler's Motion was untimely. Therefore, because the Sweglers filed their Motion for Order Requiring Appellant to Order Additional Transcripts on January 9, 2018, six days past the January 3, 2018, deadline, the Swegler's Motion is untimely. Accordingly, because the Swegler's Motion was untimely, the Court DENIES Plaintiffs-Appellees', the Sweglers', Motion for Order Requiring Appellant to Order Additional Transcripts.

## CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiffs-Appellees' Motion for Order Requiring Appellant to Order Additional Transcripts.

**IT IS SO ORDERED** _____**MAR 3 0 2018**_____.

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX

knowledge that a copy
nal heret was d in
x of:

G. Concepcion
Civille d Tang
3 30 18 Time 4r

Deputy Clerk, Superior Court of Guam

SERVICE VIA COURT BOX

I cknowledge that a copy the
c nal heret was d in the
cou x of:

hjo— + Wolff, A. pew
L. Camacho
Date 3 30 18 Time 4r

Deputy Clerk Superior Court of Guam

Page 6 of 6